# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Felton Yawn, #237598, ) | |
| ) | Civil Action No. 4:09-1221-PMD-TER |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Willie Eagleton, Warden-ECI, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court upon Petitioner Felton Yawn's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court dismiss Petitioner's § 2241 Petition without prejudice and without service on Respondent. Having reviewed the entire record, including the Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and incorporates it into this Order.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate

Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **BACKGROUND**

Petitioner is currently incarcerated at Evans Correctional Institution, and during his incarceration, he was charged with institutional rule infractions for contraband, evading a security device, and threatening to inflict harm on an employee. (Pet. at 1.) The institutional Disciplinary Hearing Officer (DHO) found Petitioner guilty of all offenses and issued the following sanctions: 90 days in the Security Management Unit, 270 days of lost privileges, and the loss of right to earn good time or work credits for the month. (*Id.*)

On September 1, 2008, the Petitioner appealed the DHO's ruling. On September 24, Petitioner's grievance form was returned to him with express instructions to "place each charge on its own grievance form so [the Inmate Grievance Coordinator] may respond to each charge separately." (*See* Griev. Sept. 1, 2008.) According to Petitioner, he never received his grievance form with this instruction, so he filed a second grievance on October 10, 2008. (Pet. at 1.) This second grievance form was returned to him on October 28, 2008, notifying him that his initial grievance was unprocessed because he failed to list each claim on separate grievance forms as requested on September 24. (Griev. October 1, 2008.)

Instead of complying with the inmate grievance coordinator's request by listing his claims on separate forms, Petitioner appealed to the South Carolina Administrative Law Court (ALC), alleging the Inmate Grievance Coordinator failed to timely respond to his grievance pursuant to SCDC procedures. The ALC dismissed Petitioner's appeal, finding that there had been "no hearing on his grievance nor has there been a final decision that can be appealed from." (Order of Dismissal, Mar. 4, 2009.) Petitioner then attempted to appeal the ALC's order to the South Carolina Court of Appeals; however, the court of appeals dismissed his petition, as Petitioner failed to pay the filing fee and failed to provide a copy of the order being appealed. (Order of Dismissal, Apr. 17, 2009.) Petitioner then filed a § 2241 petition with the court, asking the court to dismiss the charges and sanctions imposed on him as a result of the DHO's ruling because Respondent denied him his right to due process. (*See* Pet. at 1.)

The Magistrate Judge recommended that Petitioner's Petition be summarily dismissed because the Due Process Clause does not create a liberty interest in judicial review of his grievance; rather, the deprivation of a liberty interest is only possible through the disciplinary proceeding itself, which Petitioner does not challenge. (R&R 49–50.) Petitioner objects to this recommendation, essentially arguing that there is a state created liberty interest in the appellate process from a DHO hearing, and in contravention of due process, the SCDC has abridged this liberty interest by denying him a timely appeal from the DHO hearing. (*Id.*)

## DISCUSSION

Petitioner contends that "SCDC's failure to grant him grievance/appeal from the DHO's findings deprived him of his fundamental right to due process of law." (Pet. at 2.) In his Objections, Petitioner clarifies that he "does not challenge the administrative procedure 'itself';" instead, he "challenges whether the failure to grant him access to the grievance procedure to contest the constitutional deprivations of the DHO and ICG violates his constitutional rights." (Objections at 2–3.) Based on the record before the court, Petitioner has not shown how SCDC blocked him from proceeding with an appeal of the DHO's findings. Notwithstanding Petitioner's contention that he never received the September 24, 2008 reply to his first grievance, which requested that he file each claim on a separate form, he does not dispute the fact that he received the October 20, 2008 response from the ICG, which reminded him of the ICG's request to file each claim separately. Instead of complying with the ICG's request, Petitioner filed an action with the Administrative Law Court, which concluded that there was no final agency decision to review. Thus, nothing indicates that Respondent blocked Petitioner from proceeding with the grievance procedure; rather, he was only asked to proceed in a particular manner. As such, the court does not believe Petitioner was denied appellate review of the DHO's findings, as he alleges.

In addition to the Magistrate Judge's conclusion, a state prisoner may seek habeas relief under 28 U.S.C. 2241 only after exhausting remedies through the state courts. *Fain v. Duff*, 418 F.2d 214, 223 (5th Cir. 1973) (noting exhaustion requirement "applies to all habeas actions") (citing 28 U.S.C. § 2254(b)). This doctrine is based on principles of comity and requires federal courts to abstain from adjudicating habeas petitions that have not been presented to the state's

highest court. *See Picard v. Connor*, 404 U.S. 270, 276 (1976). Lack of exhaustion can be raised by the court *sua sponte*. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The South Carolina Supreme Court has outlined the proper course to exhaust state remedies. First, an inmate must complete the SCDC grievance procedure. *Al-Shabazz v. State*, 338 S.C. 354, 375 (2000). The final decision of the SCDC may then be appealed to the Administrative Law Court. *Id.* at 376. Third, to obtain review of the decision of the ALC, a prisoner must file an appeal with the state circuit court. *Id.* at 378. Lastly, the inmate can obtain "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases." *Id.* at 381 (citation omitted). The Supreme Court has also determined that an inmate's grievance is considered exhausted after obtaining an adverse decision from the court of appeals. *State v. McKennedy*, 348 S.C. 270, 276 (2002). In his case, Petitioner failed to exhaust his SCDC remedies, and the Administrative Law Court dismissed his claim because no final agency decision has been rendered. He also failed to exhaust his state remedies, as the court of appeals dismissed his case because he did not pay the filing fee. As such, Petitioner has not received a decision from the state's highest court, and thus has not exhausted his state remedies. While the exhaustion requirement is not jurisdictional, it is strictly enforced. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's claim is **DISMISSED** without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 26, 2009**
**Charleston, SC**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.